UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEY R. HOLLOWAY,<br><br>Defendant. | Case No.: 5:23-cr-00003-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS<br><br>(Doc. 25)<br><br>ORDER DIRECTING PARTIES TO FILE JOINT REPORT<br><br>**14-Day Deadline** |

Defendant Joey Holloway is charged by information with violation of 43 C.F.R. § 8365.1-4(b)(2) – Possession of Controlled Substance. (Doc. 1). Following briefing and a hearing, on December 19, 2024, the Court granted Defendant's motion to suppress ("the Order"). (Doc. 23).

Pending before the Court is the government's motion for reconsideration of the Order, filed December 25, 2024. (Doc. 25). Defendant filed an opposition and the government replied. (Docs. 30, 31).

The parties are familiar with the factual background of the case and the Court incorporates here its summary from the Order of the relevant facts (*see* Doc. 23 at 2-4).

**Governing Legal Standard**

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to

reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). "Rather, the district court's authority to revisit a ruling on a suppression motion 'is within its sound judicial discretion.'" *Id.* (quoting *United States v. Raddatz*, 447 U.S. 667, 678 n.6 (1980)). In criminal cases, some courts have applied the standard that governs motions for reconsideration under Federal Rule of Civil Procedure 59. *See United States v. Tolmosoff*, No. 6:23-po-00187-HBK-1, 2024 WL 2114839, at *1 (E.D. Cal. May 10, 2024) (citing cases). Reconsideration of an order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore *et al*., Moore's Fed. Prac., § 59.30[4])). Under Rule 59(e), reconsideration is warranted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). *Cf. Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995) (standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

**Discussion**

The government's chief argument in support of seeking reconsideration of the Order is that the Court erred by improperly "requir[ing] subjective intent on the part of the on-scene rangers." (Doc. 25 at 1). In the Order, the Court acknowledged the government's argument that Wren's denial of knowledge of the meth pipe found in the Truck could lead a reasonable police officer to conclude that Newman got the pipe from the Honda or its occupants. (Doc. 23 at 8). However, the Court discounted the argument as unpersuasive and unsupported by evidence, noting among other things that neither Ranger either documented or testified to having such a belief. That the Rangers did not, in fact, draw the inference that the government advances in support of its argument that there was reasonable suspicion to seize Defendant is relevant to the Court's assessment of the objective reasonableness of the proffered inference. But neither the Court's

observation in this regard nor anything in the Order reflects the Court's imposition of an "express requirement of subjective intent." (Doc. 31 at 2) (arguing the Court imposed an "express requirement of subjective intent"). While the Court does not disagree with the government's proposition that "[a] reasonable officer is allowed to make inferences, including new ones, as the case and evidence unfold," (Doc. 25 at 3), what matters in a Fourth Amendment context is whether the inference is objectively reasonable. *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). While the Rangers' subjective intentions would not otherwise invalidate a finding that the search/seizure was reasonable, the government cites no authority for the proposition that, in weighing the reasonableness of the inference and argument at issue, the Court may not consider whether the Rangers, in fact, made the inferences proposed.[1]

Relatedly, the government argues anew that the "strong" evidence that occupants of the Truck were familiar with occupants of the Honda would permit a reasonable officer to conclude that the Honda occupants were "potentially involved" in the drug paraphernalia possessed by an occupant of the Truck. (Doc. 25 at 5, 7-8). The Court credited this argument in the Order but discounted its relevance, finding after balancing the facts that the foundation for the argument was weak. (Doc. 23 at 7-8).

Separately, the government argues that the Court "concluded that a reasonable officer would not have considered Lomely's out-of-place behavior" in determining whether reasonable suspicion warranted seizing a person. (Doc. 25 at 8). But the Court made no such conclusion. To the contrary, the Court acknowledged the propriety of considering the purported odd behavior exhibited by the Honda occupants but noted that various evidence and hearing testimony undermined the objective reasonableness of any inference that the Honda occupants' engagement

---

[1] Although not claimed as error, the government also asserts the Court should reconsider its "argument as to 'lack of evidence of criminal activity.'" (Doc. 25 at 4). It is not clear what "argument" the government takes issue with as the quoted phrase does not appear in the Court's order.

in criminal activity was heightened due to purported "strange behavior." *See* (Doc. 23 at 8-9).[2]

The government also argues the Court committed error in "preclud[ing] officers from considering" in the reasonable suspicion balance the fact that Defendant and the other travelers were found in a high-crime area. (Doc. 25 at 11-12). Again, the Court made no such finding or holding. To the contrary, the Court acknowledged that, under certain circumstances, a suspect's discovery in a high crime area may contribute to a finding of reasonable suspicion that the suspect is engaged in criminal activity. (Doc. 23 at 6-7). However, the Court found this factor in the reasonable suspicion analysis to be of little persuasive value here, in part because the government's witness conceded that Defendant's discovery in a high-crime area was prompted by the disablement of the Truck there.

Nor (as the government appears to suggest) did the Court improperly invalidate a finding of reasonable suspicion because the Rangers did not consider innocent explanations as to why the Honda occupants attempted to depart the area shortly after the Rangers announced their intention to search the Truck. (Doc. 25 at 12-14; Doc. 31 at 2, 3).[3] The Court committed no error in declining to accept wholesale the Rangers' *ipse dixit* assertion that the Honda occupants' attempt to depart upon learning they would no longer be able to assist in repairs of the Truck was "suspicious." Instead, the Court properly considered the totality of circumstances (*see United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc)) - including the Honda occupants' original explanation that they were at the scene to assist in repairing the Truck, and the obvious fact that they could not contribute further to those repairs in light of the darkness and Ranger Brown's order that they move away from the Truck. (Doc. 23 at 9).

---

[2] The government also complains about the Court's characterization in the Order of certain facts (*i.e.*, Doc. 25 at 10) but stops short of assigning as clear error or manifest injustice the Court's finding of facts. Thus, this is not a proper basis for seeking reconsideration.

[3] The government's assertion in its reply that the Court "relied on evidence undisputedly not in the record," to wit, that Lomely and Moline discussed departing the area because it was dark and they could do nothing further to repair the Truck (Doc. 31 at 4-5) is inaccurate. That evidence is in the record, as the government concedes in its opening brief (Doc. 25 at 12-13). The Court made no assessment as to whether Ranger Sutton heard the statement, but rather, reasonably concluded that Ranger Brown did given that the statement is clearly audible on his body worn camera recording.

4

* * * * *

In sum, the Court did not clearly error by imposing a requirement that the Rangers subjectively believe a fact (*e.g*., that an occupant of the Truck obtained drug paraphernalia from Defendant) in order for an inference drawn from said fact to be considered reasonable. This and most of the other charges of error summarized above in support of the government's bid for reconsideration of the Order amount to complaints that the Court disagrees with the government about the objective reasonableness of the inferences its argues support a finding of reasonable suspicion. Nothing in the government's motion undermines that the Court properly considered the totality of circumstances, including facts that support the government's favored inferences and facts that tend to undermine those inferences, and correctly concluded that reasonable suspicion to seize Defendant was absent under the totality of circumstances. On this record, the government has failed to show it is entitled to the "extraordinary remedy" of reconsideration of the Order. *Kona Enters., Inc*, 229 F.3d at 890.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that the government's motion for reconsideration of the Court's order granting Defendant's motion to suppress (Doc. 23) is DENIED.

And it is FURTHER ORDERED that the parties shall file a joint report within 14 days of entry of this order in which they set forth their intentions for further prosecution, defense and scheduling of the action.

IT IS SO ORDERED.

Dated:   **February 7, 2025**                                    
                                         UNITED STATES MAGISTRATE JUDGE